IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 20-01063 |
| | ) | Chapter 7 |
| BARRY WISNER CHAPIN, | ) | Judge Janet E. Bostwick |
| | ) | |
| Debtor. | ) | |
| OCEAN CITY CONDOMINIUM ASSOCIATION, INC., | ) ) | |
| | ) | Adv. Proc. No. 20-01063 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY WISNER CHAPIN, and UNITED STATES OF AMERICA, | ) ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES OF AMERICA'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND JUDGMENT, AND WITHDRAWAL OF ITS MOTION FOR DISBURSEMENT OF SURPLUS FUNDS**

Defendant United States of America, on behalf of the Internal Revenue Service, hereby (1) withdraws, without prejudice, its Motion for Disbursement of Surplus Funds filed (as an inadvertent violation of the stay) on May 21, 2020 as Docket Item No. 90 in the Palm Beach Count Circuit Court ["State Court"] 2020, prior to the removal of that cause to this Court (where it is docketed as part of the record at (Doc. 1, p. 235-40)), and (2) moves to vacate the entry of default against the United States and the November 1, 2019 Judgment entered in favor of the Plaintiff by the State Court (insofar as it purports to determined the priority of plaintiff's liens vis-à-vis the United States' tax liens) for ineffective service of process.

**Background**

The United States is not yet fully conversant with the details of the proceedings in the State Court prior to removal and therefore this recitation of the background may not be fully

1

accurate but reflects the current understanding of the undersigned counsel.  The complaint to foreclose the plaintiff's lien for condominium association fees against the real property located at 185 Northeast Fourth Avenue, No. 210, Delray Beach, Florida 33444 (the "Property"), for which the statutory waiver of sovereign immunity is found in 28 U.S.C. § 2410, was not served on the Attorney General as required by that statute.  It appears that the United States Attorney's office was served on March 21, 2019.  (Doc. 1, p. 27).  Default was entered against the United States on May 28, 2019.  (Doc. 1, p. 31).  On November 1, 2019, the State Court entered a Summary Judgment of Foreclosure which stated that Ocean City's claim was superior to any claim of the United States (Doc. 1, p. 63-64).

On January 14, 2020, the State Court issued a Certificate of Sale for the Property to 104 Andover Court LLC.  (Doc. 1, p. 144).  On March 10, 2020, the Clerk's office issued a Certificate of Disbursement which reflected, as of January 14, 2020, the Clerk's Office had surplus funds from the sale of $114,235.48.  (Doc. 1, p. 198).   It appears that the Property was sold subject to the mortgage in favor of Synovus Bank, and so that creditor was not named.[1]  The sale price was $121,600 (sold subject to the mortgage) and it appears that the plaintiff collected $19,136.70 (although almost half of that was collection from a forfeited deposit from a putative purchaser whose sale fell through), and is now claiming an additional sum from the $114,235.48 remaining.  Bankruptcy Case (Doc. 147, p. 4).

Meanwhile, the debtor objected to the sale confirmation to the on the premises that (1) Ocean City's lien was satisfied from the forfeited deposit that Ocean City collected from the failed initial sale, (2) he attempted to redeem the property on the day of the sale and his

---

[1] Synovus Bank, as successor by merger with Florida Community Bank, N.A. (the original mortgageholder), was the holder of the mortgage at the time of the sale.  On March 14, 2020, Synovus Bank assigned the mortgage to RH Fund XX, LLC.

2

redemption payment reached the plaintiff by wire transfer only several minutes after the deadline, and (3) the foreclosure sale price was disproportionate to the value of the property. (Doc. 1, p. 164-68). The state court rejected these contentions and that decision is currently on appeal to District Court of Appeal of the State of Florida, Fourth District, although the appeal is stayed due to the bankruptcy case. It would appear that the Trustee should be substituted for the debtor in the appeal in light of 11 U.S.C. § 323(a), unless the Trustee determines that the appeal lacks sufficient merit to justify retaining the appellate attorney as special counsel for the estate or having another professional be retained to prosecute the appeal under 11 U.S.C § 327(e). Otherwise it may be appropriate to allow the Debtor's appellate lawyer to continue at the Debtor's personal expense.

On May 21, 2020, the Assistant United States Attorney filed a Motion for Disbursement of Surplus Proceeds. (Doc. 1, p. 235-36). The undersigned learned of that motion on June 4, 2020, and, recognizing it violated the stay, prepared for review by his supervisor a draft withdrawal of that motion to send to the AUSA to consider filing, after which the undersigned was planning to file a motion in the main bankruptcy case to lift the stay. Before the draft was reviewed or even sent to the AUSA, the undersigned received ECF notification of the Trustee's removal of the action to this Court.

The filing of the Motion for Disbursement of Surplus Proceeds was void but the United States nevertheless hereby withdraws it.

**Motion to Vacate Entry of Default and Judgment**

Section 2410 of Title 28, U.S.C., is the exclusive statutory waiver of sovereign immunity for a sale of property on which the United States holds a tax lien. It requires, as a condition of the statutory waiver of sovereign immunity, that the summons and complaint be delivered to the

3

local United States Attorney and that a copy be sent by registered or certified mail to the Attorney General in Washington, D.C. 28 U.S.C. § 2410(b). It mandates that the United States shall have 60 days to answer after such service. The complaint here was not sent to the Attorney General. The entry of default against the United States and the judgment (insofar as it purports to determine the priority of Ocean City's liens vis-à-vis the federal tax liens) is therefore void for lack of jurisdiction and the same must be vacated. *See Matter of Simmons*, 1:15-cv-01097-TWP-TAB, 2016 WL 8223654, *2-3 (S.D. Ind. Jan. 22, 2016); *report and recommendation adopted by* 2016 WL 878309 (S.D. Ind. Mar. 8, 2016).

Assuming the sale is not undone as a result of the pending appeal by the debtor (or by the Trustee if substituted for the debtor), the United States has not yet determined whether it will seek to undo the sale based on having been improperly defaulted. That may depend on the United States' determination of whether the Trustee can obtain a better price for the Property. That may also depend upon the contentions of the purchaser given that, if the sale is not undone, it may have acquired the Property subject to the federal tax liens and may have a right to seek to vacate the sale given that it has been less than a year since it was made. But the United States in any event wants the default judgment vacated so that it may claim its lawful entitlement to the proceeds net only of the mortgage (and selling expenses). In that regard, the federal tax liens had priority over the plaintiff's lien. *United States v. Bromberg*, Case No 06-80246-CIV, 2007 WL 1201454, *5 (S.D. Fla. Apr. 23, 2007); *see also Wellington Condominium Trust v. Pino*, 686 F. Supp. 2d 117 (D. Mass. 2010). If the sale is undone, the United States' liens will be senior to the plaintiff's liens against the real property. If the sale is not undone but the United States is held to

4

Case 20-01063    Doc 4    Filed 06/08/20    Entered 06/08/20 10:31:47    Desc Main
Document      Page 5 of 6

have a continuing lien on the Property in the hands of the purchaser, then the United States will be entitled to the proceeds after satisfaction of plaintiff's liens.[2]

WHEREFORE, Defendant United States of America requests that the Court vacate the entry of default against the United States entered by the State Court on May 28, 2019, vacate the State Court's November 1, 2019 judgment insofar as it purports to determine the priority of Ocean City's liens vis-à-vis the federal tax liens, and for such other relief as hereafter appears just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Bradley A. Sarnell
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

---

[2] There is no inconsistency in this position in that, assuming that the sale was made subject to the federal tax liens, the United States nevertheless also had a lien on any amount available to the debtor from the proceeds after satisfying plaintiff's liens.  On the other hand, if the sale is determined to be free and clear of the tax liens, then the proceeds would substitute for the real property and the United States would be entitled to the proceeds with priority over the plaintiff's liens.

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of June, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all electronic filers.

                                      */s/ Bradley A. Sarnell*
                                      BRADLEY A. SARNELL
                                      Trial Attorney
                                      United States Department of Justice, Tax Division