UNITED STATE BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| BARRY WISNER CHAPIN,<br><br>    Debtor. | Chapter 7<br>Case No. 20-10324-JEB |
| OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HAROLD B. MURPHY, CHAPTER 7 TRUSTEE, and<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Adv. Pro. No. 20-01063-JEB |

**MOTION OF 104 ANDOVER COURT, LCC TO ABSTAIN, OR IN THE ALTERNATIVE, TO REMAND**

104 Andover Court, LLC (herein "Andover") by a through the undersigned counsel, hereby respectfully moves this Honorable Court to abstain, or in the alternate, to remand this matter to the Circuit Court for the Fifteenth Judicial Circuit of Florida, where it was initially filed by Ocean City Lofts Condominium Association, Inc. (herein "Ocean City" or "Plaintiff"). Andover submits that abstention is mandatory and equitable pursuant to 11 U.S.C. § 1334(c)(1), and remand equitable pursuant to 28 U.S.C. § 1452(b).

Ocean City sued the Debtor fifteen (15) months ago in Palm Beach County, Florida to foreclose on a parcel of real property for non-payment of condominium fees. Debtor (before he was a Debtor in bankruptcy) defaulted and Ocean City prevailed and received a judgment. The property was thereafter purchased by Andover. The Certificate of Sale entered January 14, 2020,

1

which is twenty-one (21) days before the Debtor filed for chapter 7 bankruptcy. Thereafter, Harold B. Murphy, as Chapter 7 Trustee (herein "Trustee") for the underlying chapter 7 bankruptcy case removed the Florida Action to this Court pursuant to the provisions of 11 U.S.C. § 1452.

## Facts

1. Andover is a Florida corporation with a principal place of business located at 20283 State Road 7, Unit 104, Boca Raton, FL 33498.

2. Barry Wisner Chapin (herein "Debtor") owned a condominium unit located at 185 NE 4th Ave., Unit 210, Delray Beach, FL 33483 (herein "the Property") in a condominium community owned by Ocean City.

3. At some point in time, Debtor became delinquent in the payment of condominium association assessments.

4. On March 15, 2019, Ocean City filed a complaint for lien foreclosure proceedings in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, case captioned <u>Ocean City Lofts Condominium Association, Inc. v. Barry Chapin and the United States of America</u>, C.A. No. 2019-003451 (herein the "Florida Action").

5. On June 4, 2019, Debtor was defaulted for failing to respond to the complaint.

6. On November 1, 2019, Ocean City prevailed in the Florida Action and thereafter the state court entered a Final Summary Judgment of Foreclosure Including Judgment for Attorney's Fees and Costs against Debtor (herein "Judgment").

7. The state court ordered the foreclosure sale to occur on December 2, 2019.

8. The high bidder at the December 2, 2019 foreclosure sale forfeited his winning bid and the state court ordered the foreclosure sale to be rescheduled for January 14, 2020.

9. On January 14, 2020, Andover purchased the Property at the continued foreclosure sale.

10. On January 24, 2020, Debtor timely filed an objection to the foreclosure sale, however, the state court denied and overruled the Debtor's objection.

2

11. On February 4, 2020, Debtor filed a voluntary petition under Chapter 7 of title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

12. Debtor subsequently appealed the state court's order denying and overruling the objection to the Foreclosure Sale.

13. Notwithstanding the foregoing, the fact remains that, prior to the filing of the instant bankruptcy proceedings on February 4, 2020, Debtor's right of redemption (his right to redeem the subject unit by paying the total amounts due) expired.

14. The Judgment provides that the right of redemption shall terminate upon the issuance of the Certificate of Sale.

15. Debtor no longer has any interest in Property.

16. The Property is not part of the Debtor's bankruptcy estate.

17. The appeal contains no cause of action against Andover.

18. The appeal is stayed.

## ARGUMENT

### Jurisdiction under 28 U.S.C. § 1334

"[D]istrict courts shall have original and exclusive jurisdiction of all cases under title 11." See 28 U.S.C. § 1334(a). "[D]istrict courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." See 28 U.S.C. § 1334(b). A standing order of reference issued by the United States District Court for the District of Massachusetts refers such proceedings to this court pursuant to 28 U.S.C. § 157(a). The "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). According to the United States Court of Appeals for the First Circuit in New England Power & Marine, Inc., v. Town of Tyngsborough, (In re Middlesex Power Equipment & Marine, Inc.), 292 F.3d 61 (1st Cir. 2002).

The "arising under" language of § 1334(b) is analogous to the "arising under" language in

3

28 U.S.C. § 1331. 1 Collier on Bankruptcy, supra, ¶ 3.01[4][c][i], at 3-21. In shorthand, it is commonly said that "arising under" proceedings are (at least) those cases in which the cause of action is created by title 11. Id.; see also Cont'l Nat'l Bank of Miami v. Sanchez, (In re Toledo ), 170 F.3d 1340, 1345 (11th Cir. 1999); In re Wood, 825 F.2d at 96.

"Arising in" proceedings generally "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." In re Wood, 825 F.2d at 97; see also In re Toledo, 170 F.3d at 1345; United States Tr. v. Gryphon at Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999); Eastport Assocs. v. City of Los Angeles, (In re Eastport Assocs.), 935 F.2d 1071, 1076 (9th Cir. 1991).

By contrast, this court has defined "related to" proceedings as proceedings which "'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'" In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) (quoting Smith v. Commercial Banking Corp., (In re Smith), 866 F.2d 576, 580 (3d Cir. 1989)).

In re Middlesex Power Equip. & Marine, Inc., 292 F.3d at 68. Mandeau v. Bank of Am., N.A., (In re Mandeau) (Bankr. Mass. 2015).

In view of the law in this circuit as outlined in In re Middlesex Power Equip. & Marine, Inc., this Court lacks jurisdiction to determine the claims in the Florida Action. The state law foreclosure claims have an independent existence outside of bankruptcy. While the claims are related to a parcel of property *once* owned by the Debtor they are not "expressly created by title 11." The Florida Action is comprised purely of state law claims that have already been adjudicated and reduced to a judgment on the merits. The only conceivable ground is Debtor's questionable remaining interest in the appeal. However, that appeal has been stayed and will not go forward, ostensibly until relief from stay is sought and granted regarding the same. The Florida Action is not comprised of any claim by Debtor against any other party and it is not an action dependent upon the bankruptcy estate. Moreover, the Property at issue in the Florida Action is not property of the bankruptcy estate.

The Florida Action is a non-core proceeding and this Court therefore lacks jurisdiction under 28 U.S.C. § 1334. A Debtor's estate in bankruptcy comprises all property in which the debtor has "legal or equitable interests." 11 U.S.C. § 541(a). In this matter the Property is not property of the Debtor's bankruptcy estate. On November 1, 2019, a final judgment was entered ordering the property owner to pay the total amount owed or the Property would be sold at public auction. The

4

final judgment specifically provided that the property owner would be foreclosed of all claims on the property once the Certificate of Sale was filed. On January 14, 2020, the clerk of court filed a Certificate of Sale and the Property was sold at public auction to Andover. Thus, Debtor had no legal interest in the Property as of February 4, 2020, which was the date that the Debtor's filed the underlying chapter 7 bankruptcy petition.

Furthermore, Debtor has no equitable interest in the Property as the right of redemption was likewise extinguished pre-petition.

Under Florida law, "[t]he right of redemption is a valued and protected equitable right of the mortgagor to reclaim his estate in foreclosed property after it has been forfeited, at law, by paying the amount of the debt, interests and costs." Indian River Farms v. YBF Partners, 777 So.2d 1096, 1099 (Fla. 4th DCA 2001).

Section 45.0315, Florida Statutes, governs the right of redemption and provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

This section applies to foreclosures of homeowners' association liens. Waterview Towers Yacht Club–Ultimate, Owners' Ass'n, 159 So.3d 174, 175 (Fla. 1st DCA 2015); see Chase Fin. Servs., LLC v. Edelsberg, 129 So.3d 1139, 1141 n. 2 (Fla. 3d DCA 2013) (citing to section 720.3085(1)(c), Florida Statutes (2013) (providing that an "association may bring an action in its name to foreclose a lien for assessments in the same manner in which a mortgage of real property

5

is foreclosed")).

In this case, in accordance with section 45.0315, Florida Statutes, the final Judgment provided that the property owner's right of redemption in the Property was extinguished upon the filing of the Certificate of Sale. As such, Debtor's right to redeem was extinguished when the Certificate of Sale was filed on January 14, 2020. There is no evidence that the Debtor tendered payment to Ocean City at any time before January 14, 2020. To be sure, Debtor objected to the sale on the grounds of a wire-transfer "discrepancy". However, this objection was denied and overruled by the state court in the Florida Action.

**Abstention**

Abstention is mandatory if certain requirements are met. The requirements are set forth in 28 U.S.C. § 1334(c)(2), are: 1) A timely motion filed by a party; 2) in a proceeding based upon a state law claim or cause of action; 3) that is a related proceeding and not one arising under title 11 or in a case under title 11; 4) where the claim or cause of action could not have been commenced in federal court absent section 1334's jurisdiction; and 5) an action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

In this matter the present motion is timely, although the word "timely" is not defined by the statute. See In re Novak, 11 B.R. 626, 628 (N.D. Ill. 1990) (motion for mandatory abstention was not "timely" where a party waited a year after it knew that proceeding was non-core and thus might be subject to mandatory abstention); see In re AHT Corp., 265 B.R. 379, 384 (Bankr. S.D.N.Y. 2001) (motion for mandatory abstention was not "timely" where party litigated matters of substance in the bankruptcy court before asking the court to abstain). Clearly, the issue in the Florida Action is a state law claim arising under the laws of the State of Florida.

Furthermore, even with the Trustee's assertion that the Florida Action is a core proceeding pursuant to 28 U.S.C. § 157(b), it is not clear that such a finding would preclude mandatory abstention. See Stern v. Marshall, 131 S. Ct. 2594, 2605 (2011) ("non-core claims include state law

6

breach-of-contract" or tort claims). The fourth requirement is likewise satisfied because federal court jurisdiction over the Florida Action is predicated entirely on the underlying bankruptcy. 28 U.S.C. § 1334(c)(2) ("with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under the section"). Fifth (and Sixth), the Florida Action was originally filed and reduced to Judgment in state court in Florida.

As the Debtor has no legal or equitable interest in the Property, this matter is not a core proceeding and for the factors stated above abstention is mandatory.

**"Any Equitable Ground…"**

Section 1452(b) of Title 28 of the United States Code, provides for the remand of a case that had been removed to bankruptcy court. That statute states that

> [t]he court to which such claim or cause of action is removed may remand such claim or cause of action on *any equitable ground.* An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. [emphasis supplied].

A court to which a claim or cause of action is removed, may remand such claim or cause of action "on any equitable ground." 28 U.S.C. § 1452(b). If the Court elects not to remand for a lack of jurisdiction -- as it should here -- the Court should remand this case to the state court in Florida on various principles of equity that are present here.

Further, under 28 U.S.C. § 1334(c)(1), this Court may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." Cook v. Griffin, 102 B.R. 875, 877 (N.D. Ga. 1989). The same factors that apply to a motion to remand under Section 1452(b) also apply to a motion to abstain under Section 1334(c)(1). Hopkins v. Plant Insulation Co., 349 B.R. 805, 813 (Bankr. N.D. Cal. 2006).

"This 'any equitable ground' standard is an unusually broad grant of authority. It subsumes

7

and reaches beyond all of the reasons for remand under non-bankruptcy removal statutes." In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). "Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court. In re Norrell, 198 B.R. 987 (Bankr. N.D. Ala. 1996).

Among the most common grounds for equitable remand are 1) duplication of judicial resources; 2) uneconomical use of judicial resources; 3) effect of remand on the administration of the bankruptcy estate; 4) case involves questions of state law better addressed by a state court; 5) comity; 6) prejudice to the involuntarily removed parties; 7) lessened possibility of an inconsistent result; and 8) expertise of the court where action originated. Id. at 366. River Cement Co. v. Bangert Bros. Const. Co., 852 F. Supp. 25 (D. Colo. 1994). To be sure, this list is not exhaustive and not exclusive for a finding of permissive abstention, and the relative weight of each factor will depend on the circumstances of the case. See In re Blankenship, 408 B.R. 854, 861-62 (Bankr. N.D. Ala. 2009). This Court may consider other factors as well, including a decision to abstain from proceeding upon a determination that it will not be able to enter a final order under the Supreme Court's decision in Stern v. Marshall. See e.g. In re Bass, LTD., 2012 WL 3000209 (Bankr. W.D. La. 2012) (abstaining from state law claims to permit final adjudication in state court). However, when these (admittedly, non-exhaustive) factors are applied to the facts in this case, equity strongly favors remanding this case to state court.

First, this matter is purely an issue of state law, that being the foreclosure statutes in the State of Florida. There are no federal question claims or counterclaims outside of state law. The federal courts do not possess original jurisdiction over any of the foreclosure claims brought by Ocean City against Debtor and the United States of America. Ocean City merely foreclosed on Debtor's former income-property for failure to pay condominium fees. Furthermore, this matter

8

has already been decided and was reduced to judgment. Principals of comity warrant a remand so that any remaining issue (if any) can be resolved under the laws of the State of Florida.

There is nothing in this matter that will have an effect on the outcome of Debtor's bankruptcy. This case involves only a pre-petition foreclosure of a Property that is not part of the bankruptcy estate. Andover simply found itself the highest bidder at foreclosure and has no existing claims against Debtor, or vice versa. Because the foreclosure was reduced to a judgment, the Property conveyed to Andover, and Debtor's right of redemption was extinguished (all pre-petition). There is no reason why this matter should be heard in bankruptcy court in Massachusetts, when it originated as a state law case in the State of Florida with no other possible grounds of removal.

Additionally, to adjudicate this matter would be highly prejudicial to Andover, who is an involuntarily removed party-in-interest. Andover purchased the Property at foreclosure yet has found itself suddenly thrust into litigation (at great expense) in a bankruptcy venue across the country through no fault of its own.

Lastly, a remand will also eliminate the risk of inconsistent or disparate results. The Internal Revenue Service has moved this Court to vacate the Judgment and has cited both Florida *and* Massachusetts law as legal authority. Within a single motion there is already confusion as to which law will control, to say nothing of the pending appeal currently stayed in state court in Florida.

**The Notice of Removal was Improperly Filed in this Court**

Civil claims related to bankruptcy cases may be removed "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c), see also Daleske v. Fairfield Communities, Inc., 17 F.3d 321 (10th Cir. 1994) ("the provisions of 28 U.S.C. § 1447(c) apply to cases removed under § 1452(a) as

9

well.").

28 U.S.C. § 1452(a) clearly provides that a notice of removal must be filed in, and that the state court civil action must be removed to, "the district court for the district where such civil action is pending." Likewise, a "notice of removal shall be filed with the clerk for the district and division with *which is located the state or federal court where the civil action is pending*." Fed. Bankr. R. P. 9027(a)(1) [emphasis supplied]. This litigation was filed in the State of Florida. This litigation proceeded to judgment in the State of Florida. Debtor (before he was the Debtor) sought to overturn the judgment but was denied, by the Fifteenth Circuit Court of Florida. Yet, despite the clear mandate of the foregoing statute and Rule, the Trustee erroneously and improperly removed this civil action to this Court and not to the United States District Court for the Southern District of Florida, which is the federal district where the Florida Action was stayed. On this basis alone, remand is appropriate.

As Debtor has no legal or equitable interest in the Property, this matter is not a core proceeding. This Court cannot exercise jurisdiction in this matter pursuant to 11 U.S.C. § 1334 and for the factors stated above abstention is mandatory. In the alternative this Court should abstain on permissive grounds. Additionally, this matter should be remanded on the basis of equity and on the fact that removal was procedurally deficient.

WHEREFORE, 104 Andover Court, LLC respectfully moves this Honorable Court to abstain, or in the alternative, to remand.

*(signature on following page)*

RESPECTFULLY SUBMITTED,

  /s/ *Jacob T. Simon*
Jacob T. Simon, Esq.
ATTORNEY FOR 104 ANDOVER COURT, LLC
BBO #673613
450B Paradise Road #423
Swampscott, MA 01907
(617) 819-4183 (p)
jacob@simonlawma.com

Date: June 26, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2020, I caused to be served the above document to be filed and served via this Court's CM/ECF system on the following:

   /s/   *Jacob T. Simon*
Jacob T. Simon, Esq.

**ELECTRONIC MAIL**

Assistant U.S. Trustee
John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Kathleen R. Cruickshank
kcruickshank@murphyking.com

Bradley Sarnell
Bradley.a.sarnell@usdoj.gov

David G. Baker
david@bostonbankruptcy.org

**U.S. MAIL**

Ocean City Lofts Condominium Association, Inc.
Backer Aboud Poaliakoff & Foelster, LLP
The Abor, Suite 420
400 South Dixie Highway
Boca Raton, FL 33432