IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 20-01063 |
| | ) | Chapter 7 |
| BARRY WISNER CHAPIN, | ) | Judge Janet E. Bostwick |
| | ) | |
| ___Debtor.___ | ) | |
| OCEAN CITY LOFTS CONDOMINIUM | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | Adv. Proc. No. 20-01063 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY WISNER CHAPIN, and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| ___Defendants.___ | ) | |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
MOTION TO ABSTAIN OR REMAND**

Defendant United States of America, on behalf of the Internal Revenue Service ("IRS"),

hereby responds to Interested Party 104 Andover Court, LLC's motion requesting that the Court

abstain from hearing the above-captioned adversary proceeding (which the Chapter 7 Trustee

removed from the Circuit Court for the Fifteenth Judicial Circuit of Florida (the "Florida

Court")) or, supposedly in the alternative, that the Court remand the case to the Florida Court.[1]

As an initial matter, the United States would refer the Court to the United States' pending

motion to vacate the Clerk's Entry of Default and the grant of summary judgment to Plaintiff

Ocean City Lofts Condominium Association insofar as that decision purported to determine the

priority of federal tax liens vis-à-vis other encumbrances. (Doc. 4). As noted in that motion, the

---

[1] We say "supposedly" because we are uncertain how the Court could abstain without remanding
or how it could remand without abstaining. The two appear to go hand in hand.

United States was not served with the summons and complaint as required under the applicable

waiver of sovereign immunity (28 U.S.C. § 2410), and thus the Florida Court lacked jurisdiction

to determine the priorities or remove the federal tax liens  from the property in connection with

its sale.  As such, the sale of the property was made subject to the federal tax liens.

Nevertheless, as explained in our motion to vacate, the tax liens also encumber the *taxpayer's*

interest in the proceeds even if the purchaser acquired title subject to the federal tax liens.[2]  As

set forth below, the Court's determination on Andover Court's motion should take into account

the status of the United States' tax liens and the subsequent effect on the status of the real

property.

Andover Court first argues that the bankruptcy court lacks jurisdiction over the removed

action under 28 U.S.C. § 1334 because the case does not "aris[e] under" the Bankruptcy Code

and is not "related to" the bankruptcy case.  The United States does not dispute that Plaintiff's

claim does not arise under the Bankruptcy Code.  However, the Florida Court case and the

consequences of the failure to properly serve and bind the United States is "related to" the

bankruptcy case such that the Court would have jurisdiction.  An action is "related to" a

bankruptcy proceeding if it could "potentially have some effect on the bankruptcy estate, such as

altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact

upon the handing and administration of the bankrupt estate." *New England Power & Marine,*

*Inc. v. Town of Tyngsborough (In re Middlesex Power Equipment & Marine, Inc.*), 292 F.3d 61,

68 (1st Cir. 2002).  "Congress intended that federal courts give a broad interpretation to the

meaning of 'related to' jurisdiction." *Bond Street Associates, Ltd. v. Ames Dept. Stores, Inc.*,

---

[2] In contrast, if the sale is somehow determined to have divested the federal tax liens from the
real property, then they attached directly to the proceeds with priority over the lien of the
plaintiff condominium association.

174 B.R. 28, 32 (S.D.N.Y. 1994) (citing *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir.

1986); *see also In re Cuyahoga Equip. Corp*, 980 F.2d 110, 114 (2d Cir. 1992) ("The test[. . .] is

whether [the] outcome might have any 'conceivable effect' on the bankrupt estate."); *In re*

*Funding Syst. Asset Management Corp.*, 72 B.R. 595, 597 (Bankr. W.D. Pa. 1987) (Section

1334's grant of jurisdiction "covers virtually all litigation in which the debtor or the estate could

be expected to have an interest.").

Here, there are a few ways that the removed action could affect the bankruptcy estate.

First, although Andover Court asserts that the Debtor's right of redemption expired as of the

entry of the Certificate of Sale, Andover Court admits that contention is the subject of the

Debtor's appeal.  If the Debtor prevails on appeal, the property would return to the Debtor, and

would become property of the estate, thus making the underlying case related to the bankruptcy.

Moreover, and although Andover Court declines to mention this anywhere in its motion,

the United States' understanding from its discussions with Andover Court's counsel in the State

Court case after the United States' filed its motion to vacate the Florida Court's judgment is that,

if the federal tax liens were not divested, then Andover Court's eventual goal is to have the sale

vacated.[3]  If Andover Court is successful, the property will revert to the Debtor and will become

property of the estate. As such, the matter is related to the bankruptcy.  Moreover, it is a bit

disingenuous for Andover to argue there is no impact on the bankruptcy estate if it is fact going

to be arguing the sale should unwound, after which the real property would become property of

the estate.

---

[3] This position is hardly surprising given that, due to Plaintiff's failure to properly serve the
United States and the subsequent invalidity of the judgment, the sale should be deemed to have
been made without divesting the federal tax liens (as noted in the United States' motion to
vacate).

3

The United States notes that the Trustee is seeking to reverse the sale as a fraudulent

conveyance under 11 U.S.C. § 548 (based partly on the same contention that the Debtor is

making in his state court appeal – that the property is worth far more than the sale price).[4] (Doc.

22).  The United States disagrees that the Trustee would be entitled to do so, given that the sale

was an arms-length transaction approved by a court of competent jurisdiction and the purchase

price, while less than full value, was sufficient to be adequate consideration.  But the fact that the

Trustee seeks such relief means that the removed case is sufficiently related to the bankruptcy.

Finally, assuming that the sale is not deemed to be subject to the United States tax liens but

rather is held to have occurred free and clear with a lien of the United States becoming a lien on

the proceeds, the potential distribution of the proceeds could also affect the claims in the

bankruptcy.  As such, the Court has jurisdiction over the removed proceeding.[5]

Andover Court then argues that the Court is required to abstain under 28 U.S.C.

§ 1334(c)(2).  Preliminarily, this argument fails because abstention is appropriate only where

there is a *separate* state court proceeding and, in this case, the case was removed.  Abstention is

not an end run around federal removal jurisdiction.  In any event, in order for that provision to

apply, the action must be able to be "timely adjudicated in a State forum of appropriate

jurisdiction." 28 U.S.C. § 1334(c)(2).  The issue to be adjudicated is multi-faceted but boils

down to who has what property rights, either to the real property or to the proceeds.  The Trustee

has requested that the sale be vacated, either because the United States not properly served or as

---

[4] The Trustee has recognized (in his statement filed in response to the government's motion to vacate) that he is required to file his own adversary complaint insofar as he seeks to set the sale aside as a fraudulent transfer.

[5] This should not be misconstrued as a waiver of the United States' position that, if the sale divested the federal tax liens, then the excess proceeds are not property of the Estate because the real property was sold pre-petition and no property right to the funds existed in the Debtor. Rather the function of an interpleader is to determine who is *entitled* to the interpled funds.

a fraudulent conveyance.  (Doc. 22).  Even if that determination could be made in the Florida

Court, if the sale is vacated, the final disposition of the real property would have to be made in

this Court because ownership of the property upon vacatur of the sale would vest in the Debtor,

and thus in the estate.  Andover Court has made no showing that the Florida Court could make

any sort of timely adjudication of the final disposition of the property, and thus has failed to

show that abstention is mandatory here.  Also, abstention under 28 U.S.C. § 1334(c)(2) is only

required if the action could not have been commenced in a federal court.  Here, because of the

federal tax liens, the plaintiff's foreclosure action could have been commenced in the federal

district court in Florida because an issue was raised as to the priority of the federal tax lien – a

federal question.

Andover Court finally argues that the Court should remand the case on equitable grounds

under 28 U.S.C. § 1334(c)(1).*,*  Courts faced with issue consider a number of factors, including:

(1) the effect of the action on efficient administration of the estate, (2) the extent to which state

law issues predominate, (3) the difficulty of applicable state law, (4) the presence of a related

state court proceeding; (5) the jurisdictional basis other than section 1334 (if applicable); (6) the

relatedness of the proceeding to the main bankruptcy case; (7) the substance of the proceeding;

(8) the feasibility of severing state law issues from bankruptcy matters; (9) the burden on the

bankruptcy court's docket; (10) the likelihood that commencement of the bankruptcy proceeding

amounted to forum shopping; (11) the existence of the right to a jury trial; and (12) the presence

of non-debtor parties to the proceeding.  *In re Unanue-Casal*, 164 B.R. 216, 222 (D. Puerto Rico

1993). Courts also take judicial economy into account in making such determination.  *Id.*

Here, consideration of the factors favors retention of jurisdiction.  There are no remaining

state law issues in the case.  The sole substantive issue that is properly before the Court at this

juncture is the United States' request to vacate the Florida Court's default and judgment against

the United States for improper service, which is a matter of federal law (as 28 U.S.C. § 2410(b)

governs service on the United States in state-court foreclosure proceedings).  There is thus no

particular expertise that the Florida Court would have with such issues and, in the absence of the

bankruptcy, the United States could have removed the case to a federal forum under 28 U.S.C.

§ 1442.  Moreover, it appears that the Trustee will be seeking to vacate the sale under 11 U.S.C.

§ 548, which would be a core proceeding.  Finally, until and unless Andover Court renounces

any intention to vacate the sale if the case is remanded, remand would be pointless because, if

Andover Court is successful in vacating the sale, the property would revert to the Debtor (and

thus, the estate) and to the jurisdiction of this Court.  Judicial economy would not be served by

remanding to the state court just for the purpose of returning jurisdiction to this Court.  As such,

the Court should deny Andover Court's motion for remand.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-1038 (v)
        202-514-5238 (f)
        Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2020, I electronically filed the foregoing

Creditor United States of America's Response in Opposition to Motion To Abstain or Remand

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to

all registered users in this adversary proceeding.  I further certify that, on June 30, 2020, I placed

a copy of such motion in the U.S. Mail addressed to the following persons/entities:

Raymond M. Patella
Kraemer Burns, P.A.
675 Morris Avenue
Springfield, NJ 07081
Attorney for Plaintiff Ocean City Lofts Condominium Association, Inc.


_/s/Bradley A. Sarnell_
BRADLEY A. SARNELL
Trial Attorney
United States Department of Justice, Tax Division