IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 20-01063 |
| | Chapter 7 |
| BARRY WISNER CHAPIN, | Judge Janet E. Bostwick |
| Debtor. | |
| OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC., | |
| | Adv. Proc. No. 20-01063 |
| Plaintiff, | |
| v. | |
| BARRY WISNER CHAPIN, and UNITED STATES OF AMERICA, | |
| Defendants. | |

**UNITED STATES' REPLY TO CHAPTER 7 TRUSTEE'S STATEMENT
(Doc. 22) IN RESPONSE TO UNITED STATES' MOTION TO VACATE (Doc. 4)**

The United States hereby replies to the Chapter 7 Trustee's June 29, 2020 statement in response to the United States' motion to vacate the Clerk's Entry of Default and Judgment issued by the Circuit Court for the Fifteenth Judicial Circuit of Florida prior to the removal of this case to this Court. (Doc. 22). The Trustee's "statement" does not oppose or even address the relief requested the United States' motion – vacatur of the default entry and of part of the judgment that ignores the priority of the federal tax liens over plaintiff's claim – but instead raises issues entirely separate from the one raised in the United States' motion. The Trustee recognizes that the arguments that it raises – whether the sale should be unwound so that the Trustee may re-sell the property – are more properly the subject of a separate adversary proceeding, and states in a footnote that it will file a separate adversary complaint seeking affirmative relief. Nevertheless,

1

a reply is warranted because the Trustee misunderstands the government's motion to vacate and also suggests he has standing to raise an issue only the United States may raise.

The United States' motion to vacate has not sought to vacate the order authorizing the sale or otherwise unwind the sale due to Plaintiff's failure to comply with the service of process requirements of the applicable waiver of sovereign immunity in 28 U.S.C. § 2410 (although it reserves the right to do so if it determines that is in its interests depending on future rulings of the Court). But the Trustee lacks standing to seek to unwind the sale based on the lack of proper service on the United States and, moreover, the Trustee appears not to realize that doing so may be against the interests of the bankruptcy estate. Under sections 323 and 541 of the Bankruptcy Code, the Trustee succeeds to the rights of the Debtor and can institute whatever actions and prosecute whatever claims could be brought by the Debtor. *In re Gaudette*, 241 B.R. 491, 497 (Bankr. D. N.H. 1999). However, parties "must assert [their] own legal rights and interest, and cannot rest [their] claim to relief on the legal rights or interests of third parties." *Friedman v. Harold*, 638 F.2d 262, 265 (1st Cir. 1981) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Here, the Trustee's first-stated basis for unwinding the sale is not an argument of the Debtor (although the Debtor has his own arguments as to why the sale should be unwound, which are the subject of a pending appeal to the District Court of Appeal for the State of Florida, Fourth District), but instead bases his claim on the United States not having been properly served with the summons and complaint. The United States is the harmed party, not the Debtor (and by extension, not the Trustee) The United States may determine that it wishes to seek relief based on the Plaintiffs' failure to comply with the waiver of sovereign immunity, but that is the United States' decision and argument to make, not the Trustee's. *See Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976) ("[C]ourts should not adjudicate [third-party] rights unnecessarily, and it may be

2

that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigation is successful or not."). As such, the Trustee's arguments seeking to assert the United States' rights (rather than the United States doing so) should be disregarded, both here and in any later proceeding in which the Trustee seeks to assert such rights.

With regard to the Trustee's arguments regarding fraudulent conveyance, those claims (as the Trustee recognizes) can only be brought by adversary proceeding, pursuant to Rule 7001(1). The United States will reserve any arguments regarding the fraudulent conveyance until such time as the new adversary complaint referred to by the Trustee is filed and served on the United States.

However, the United States points out that Trustee appears not to realize that unwinding the sale may not be in the best interests of the estate. The current state of affairs is that the tax liens were not divested from the property, which is why the purchaser has informally indicated it may attempt to unwind the sale based on Plaintiff's failure to properly serve the United States. If the sale is not unwound, and the if the United States enforces its liens against the Florida property, it will lessen the government's secured claims against the estate while the net proceeds of the sale of approximately $114,000 will also remain available to pay either the tax liens or the priority tax claim if marshaling is ordered. While the Trustee assumes that he can require the United States to marshal its liens against the homestead exemption, that is a disputed issue and, even if the Trustees' marshalling arguments are accepted, other assets of the Estate would be freed up by the United States' secured claim being partially or even wholly satisfied by this property in the hands of the purchaser without having to return the $114,000 in excess proceeds which are currently in the Florida Court's registry, and which would then be available to satisfy

the remainder of the government's liens (if any) and, otherwise, unsecured claims.[1]  Thus, unwinding the sale may not be in the interests of the estate unless either (1) the Trustee can sell the property for $114,000 more than it was sold for subject to the first mortgage, or (2) the Court rules that the tax liens were divested from the property in the sale and remain only against the proceeds.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-1038 (v)
        202-514-5238 (f)
        Bradley.A.Sarnell@usdoj.gov

---

[1] Depending on how much more the property it is worth than the price it sold for, it may be sufficient to nearly satisfy the federal tax liens.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2020, I electronically filed the foregoing Creditor United States of America's Reply To Chapter 13 Trustee's Statement in Response to Motion to Vacate with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users in this adversary proceeding. I further certify that, on June 30, 2020, I placed a copy of such document in the U.S. Mail addressed to the following persons/entities:

Raymond M. Patella
Kraemer Burns, P.A.
675 Morris Avenue
Springfield, NJ 07081
Attorney for Plaintiff Ocean City Lofts Condominium Association, Inc.

                                                  */s/Bradley A. Sarnell*
                                                  BRADLEY A. SARNELL
                                                  Trial Attorney
                                                  United States Department of Justice, Tax Division