UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>BARRY WISNER CHAPIN<br><br>Debtor. | Chapter 7<br>Case No. 20-10324 JEB |
| OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.,<br><br>Plaintiff,<br>v.<br><br>BARRY CHAPIN AND THE UNITED STATES OF AMERICA<br><br>Defendants. | Adversary Proceeding No. 20-01063 |

**CHAPTER 7 TRUSTEE'S OPPOSITION TO
104 ANDOVER COURT, LLC'S MOTION TO ABSTAIN OR REMAND**

Harold B. Murphy, Chapter 7 Trustee of the bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") hereby submits this Opposition to Interested Party 104 Andover Court, LLC's ("**Andover**") so-called Motion to Abstain, or in the alternative, to Remand [Doc. 20].

Whether framed as seeking an abstention or a remand, Andover's motion is meritless because this Court has jurisdiction over the removed action, originally filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, captioned *Ocean City Lofts Condominium Association, Inc. v. Barry Chapin and the United States of America, C.A. No. 2019-003451* (the "**Action**").

ARGUMENT

This Court has jurisdiction over the Action under 28 U.S.C. § 1334 because the Action pertains to property of the Estate and constitutes a core proceeding pursuant to 28 U.S.C. § 157(A), (C), (K) and (O).

In the Action, Ocean City Lofts Condominium Association, Inc. ("**Ocean City**") sued the Debtor and the United States, which had a tax lien against the Debtor, to foreclose on a parcel of real property (the "**Property**") owned by the Debtor for failure to pay condominium fees. Ocean City ultimately obtained from the Florida state court a Final Summary Judgment of Foreclosure including Judgment for Attorneys Fees and Costs [Doc. 1, p. 63] ("**Summary Judgment of Foreclosure**"), which, among other things, determined that Ocean City's claim was superior to any tax lien of the United States, and ordered the public sale of the Property if Ocean City's schedule of outstanding fees and costs were not paid. The Property was thereafter sold to Andover at public sale (the "**Foreclosure Sale**").[1]

"[D]istrict courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." See 28 U.S.C. § 1334(b). A standing order of reference issued by the United States District Court for the District of Massachusetts refers such proceedings to this court pursuant to 28 U.S.C. § 157(a).

"Related to" proceedings are defined as proceedings which "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." *New England Power & Marine, Inc., v. Town of Tyngsborough, (In re Middlesex Power Equipment & Marine, Inc.)*, 292 F.3d 61, 68 (1st Cir. 2002). "Congress intended that federal courts give a broad

---

[1] For detailed facts, *see* Statement of Chapter 7 Trustee in Response to United States of America's Motion to Vacate Clerk's Entry of Default and Judgment [Doc. 22].

2

interpretation to the meaning of 'related to' jurisdiction." Bond Street Associates, Ltd. v. Ames Dept. Stores, Inc., 174 B.R. 28, 32 (S.D.N.Y. 1994) (citation omitted).

There can be no question here that the Action could and does affect property of the Estate and its administration. The Action concerns the foreclosure sale of the Property, which was indisputably owned by the Debtor. The Trustee intends to challenge the validity of the Foreclosure Judgment and the Foreclosure Sale through a soon-to-be-filed adversary proceeding complaint, seeking affirmative relief including the unwinding of the Foreclosure Sale and a determination of the lien priorities concerning the Property, which should be consolidated with this proceeding. *See* [Doc. 22]. The Trustee will assert, among other things, that the Foreclosure Sale was void as a matter of law for lack of jurisdiction and that the sale was a fraudulent conveyance pursuant to 11 U.S.C. § 548. Additionally, the Trustee intends to move the Court to allow the Trustee to sell the Property free and clear of liens and interests via private sale pursuant to 11 U.S.C. § 363 in the best interest of the Estate and its creditors for a sale price that the Trustee has good reason to believe will substantially exceed the value obtained through the Foreclosure Sale. *Id*.

The United States has also moved in this proceeding to vacate the entry of default entered against it in the Action on the basis that it was not properly served pursuant to 28 U.S.C. § 2410(b), and signaled that it may subsequently move to unwind the Foreclosure Sale. *See* [Doc. 4]. Andover itself has stated in communications with counsel that it may seek to unwind the sale. *See* United States' Response in Opposition to Andover's Motion [Doc. 25].

If the Trustee prevails, the Foreclosure Sale will be unwound, and the Property will revert to becoming property of the Estate. Even if the Trustee does not prevail, and the Foreclosure Sale stands, a determination must be made concerning the validity of the United States tax lien as well

as the rights of various parties, including the Estate, to the proceeds of the sale. Thus, regardless of the validity of the Foreclosure Sale, the Action involves matters "related to" the bankruptcy, giving rise to jurisdiction in this Court.

In any event, nothing would be served by prematurely remanding the Action to the Florida state court, especially since the Trustee's filing of his related adversary proceeding complaint, including claims constituting a core proceeding, concerning the same Property and Foreclosure Sale, would divest the Florida state court of jurisdiction.

As a matter of law, equity, and judicial economy, the Court should deny Andover's motion.

Respectfully submitted,

HAROLD B. MURPHY
Chapter 7 Trustee of Barry Chapin,
By his attorney,

/s/ Shawn Lu
Kathleen R. Cruickshank (BBO #550675)
Shawn Lu (BBO #679755)
Murphy & King P.C.
One Beacon Street
Boston, MA  02108-3107
Telephone:  (617) 423-0400
KCruickshank@murphyking.com
SLu@murphyking.com

Date:  June 30, 2020

*782020*