UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: <br> BARRY CHAPIN <br><br> Debtor. | Chapter 7 <br><br> Bankruptcy Case No. 20-10324-JEB |
| OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> HAROLD B. MURPHY, CHAPTER 7 TRUSTEE, UNITED STATES OF AMERICA <br><br> Defendants. | Adv. Pro. No. 20-01063-JEB |

**RESPONSE OF OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
TO UNITED STATES OF AMERICA'S MOTION TO VACATE CLERK'S ENTRY
OF DEFAULT AND JUDGMENT AND WITHDRAWAL OF ITS MOTION FOR
DISBURSEMENT OF SURPLUS FUNDS**

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC. ("Association"), submits this Response to the United States of America's Motion ("Motion") to Vacate Clerk's Entry of Default and Judgment and Withdrawal of its Motion for Disbursement of Surplus Funds and as grounds therefore states:

1. Association is a Florida condominium association and a corporation not-for-profit pursuant to Chapters 718 and 617, Fla. Stat.

2. Debtor had previously owned a condominium unit located at 185 NE 4th Ave., Unit 210, Delray Beach, FL 33483 in the Association's condominium community.

3. A Final Summary Judgment of Foreclosure Including Judgment For Attorney's Fees and Costs ("Judgment") was entered on November 1, 2019, by the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida ("Florida State Court"). A copy of the Judgment is attached hereto as Exhibit A. The Judgment, among other things, found that the Associations lien is "superior to any claim or estate of the Defendants, BARRY CHAPIN AND THE UNITED STATES OF AMERICA." See Judgment, paragraph 3.

4. On June 5, 2020, the Trustee removed this action from the Florida State Court. On June 26, 2020, 104 Andover Court, LLC filed a Motion ("Remand Motion") for this Court to Abstain, or in the Alternative, to Remand, this Action to the Florida State Court. The Remand Motion is pending.

5. The Association submits that this Court should consider and decide the Remand Motion before deciding the current Motion. If this Court decides this Action is best off in Florida State Court, this Court need not decide the difficult issues present in the Motion.

6. Alternatively, as a matter of comity this Court should, and pursuant to the Rooker-Feldman Doctrine, presumably must, permit the Florida State Court system to decide whether or not the Motion should be granted, or whether the United States' sole remedy is an appeal of the Judgment in Florida. Indeed, the Rooker-Feldman Doctrine presumably precludes this Court from collaterally

undoing or reversing a judgment of a state court. See Klimowicz v. Deutsche Bank National Trust Company, 907 F.3d 61, (1st Cir. 2018).

7. Alternatively, this Court should receive additional information concerning the Motion including why the United States delayed so long to bring its Motion.

**WHEREFORE,** the Association requests that the Motion be adjourned, or alternatively remanded to the Florida State Court or denied, and for such other relief as may be just.

Dated: June 29, 2020

/s/Raymond M. Patella
Raymond M. Patella
Kraemer Burns, P.A.
675 Morris Avenue
Springfield, NJ 07081
Phone: 973-912-8700
Fax: 973-912-8602
Email:rpatella@kraemerburns.com
Attorneys for Ocean City Lofts
Condominium Association, Inc.
Pro Hac Vice Motion pending

# Exhibit A

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO: 502019CA003451XXXXMB (AE)

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.

    Plaintiff,
v.

BARRY CHAPIN AND THE UNITED STATES OF
AMERICA,

    Defendants.
_____/

## FINAL SUMMARY JUDGMENT OF FORECLOSURE
## INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS

THIS CAUSE came before the Court on Plaintiff's Motion for Final Summary Judgment of Foreclosure Attorneys Fees and Costs. The Court has considered the pleadings and proofs submitted, including Plaintiff's Affidavits of Costs, Indebtedness, Reasonable Attorneys fees, Attorneys Time. After considering the foregoing and the fee arrangement with Plaintiff and the guidelines established by the Supreme Court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) and after reviewing the Court file, and being otherwise duly advised in the premises,

THIS COURT finds Plaintiff's counsel has reasonably expended the hours indicated on its affidavit in this litigation, and that a reasonable hourly rate for the services of Plaintiff's counsel is $150.00 to $200.00 per hour, yielding a lodestar which is subject neither to enhancement for the contingency risk factor, nor to reduction based on the results obtained. The number of hours (17.10 ) is reasonable.

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
V. BARRY CHAPIN AND THE UNITED STATES OF AMERICA,
CASE NO.: 502019CA003451XXXXMB (AE)
FINAL SUMMARY JUDGMENT OF FORECLOSURE
INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction of the subject matter hereto and the parties hereto. The equities of this cause are with the Plaintiff. There are no material issues of fact in dispute and Plaintiff is entitled to a Final Summary Judgment of Foreclosure as a matter of law against Defendants, BARRY CHAPIN AND THE UNITED STATES OF AMERICA.

2. There is due to the Plaintiff the sum of money as hereinafter set forth:

| | |
|---|---:|
| April 1, 2018 through December 1, 2018 Monthly Assessments: (9@360.64): | 3,245.76 |
| January 1, 2019 through August 1, 2019 Monthly Assessments (8@359.20): | 2,873.60 |
| Bounced Check: | 333.29 |
| Admin. Fees: | 175.00 |
| Late Fees: | 350.00 |
| Costs: | 1,471.45 |
| Attorney Fee: | 3,420.00 |
| NSF Charge: | 30.00 |
| Total Payments: | ($2,417.18) |
| **TOTAL AMOUNT DUE OUTSTANDING:** | **$9,481.92** |

Finding as to reasonable number of hours: 17.10
Finding as to reasonable hourly rate: $200.00

The total amount indicated above shall bear interest at the rate of 6.89% per year.

3. Plaintiff holds a lien for the total sum specified in paragraph 2, plus interest, superior to any claim or estate of the Defendants, BARRY CHAPIN and THE UNITED STATES OF AMERICA upon the following described property in Palm Beach County, Florida:

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
V. BARRY CHAPIN AND THE UNITED STATES OF AMERICA,
CASE NO.: 502019CA003451XXXXMB (AE)
FINAL SUMMARY JUDGMENT OF FORECLOSURE
INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS

UNIT NO. 210E of OCEAN CITY LOFTS, A CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 18380, at Page 0688, of the Public Records of Palm Beach County, Florida, and any amendments thereto (collectively, the "Declaration"), together with an undivided interest in the common elements deemed appurtenant to the above condominium unit.

Pursuant to Sec. 718.116, Fla. Stat., the lien of the Association secures all unpaid assessments which are due and also those that may accrue subsequent to the recording of the claim of lien and prior to the entry of a certificate of title as well as interest and all reasonable costs and attorney's fees incurred by the association incident to the collection process. Pursuant to the affidavit filed in support of Plaintiff's Motion for Summary Judgment of Foreclosure, Attorney's Fees and Costs, additional assessments have and will continue to come due in the amount of $359.20 per month. Plaintiff may file an affidavit with the Court that attests to those additional assessments that come due up to the date of the foreclosure sale and those amounts shall be added to the total sum specified in paragraph 2 for purposes of calculating its maximum credit bid at the foreclosure sale.

4. If the total sum with interest at the rate described in paragraph 2 and all costs accrued subsequent to this Judgment are not paid, the Clerk of this Court shall sell that property at public sale on December 2, 2019 to the highest bidder for cash, except as prescribed in paragraph 5 at 10:00 a.m. by electronic sale at https://mypalmbeachclerk.clerkauction.com in accordance with Section 45.031, Florida Statutes.

5. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
V. BARRY CHAPIN AND THE UNITED STATES OF AMERICA,
CASE NO.: 502019CA003451XXXXMB (AE)
FINAL SUMMARY JUDGMENT OF FORECLOSURE
INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS

the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full, including, but not limited to, the Clerk's foreclosure sale fee and the cost of publication to publish the Notice of Sale.

6. The right of redemption shall terminate upon the issuance of the certificate of sale. On filing the certificate of title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the legal rate from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. On filing the Certificate of Sale, Defendants and all persons claiming under or against them since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718, Fla. Stat., or Chapter 720, Fla. Stat., if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Sale shall be let into possession of the property.

8. Without limiting the broad language contained elsewhere in this judgment, pursuant to applicable Florida law, this court expressly finds that Plaintiff's lien relates back to a date prior to UNITES STATES OF AMERICA, acquiring any right, title or interest in the subject parcel including any such right, title or interest claimed by virtue of that mortgage recorded in ORB

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
V. BARRY CHAPIN AND THE UNITED STATES OF AMERICA,
CASE NO.: 502019CA003451XXXXMB (AE)
FINAL SUMMARY JUDGMENT OF FORECLOSURE
INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS

29111, at Page 0440 of the Public Records of Palm Beach County, Florida.

8. Jurisdiction of this action is retained to enter further orders that are proper including a deficiency judgment.

9. IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

10. IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

11. IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE PALM BEACH CLERK OF COURT, 205 N. DIXIE HIGHWAY, WEST PALM BEACH, FLORIDA 33401, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
V. BARRY CHAPIN AND THE UNITED STATES OF AMERICA,
CASE NO.: 502019CA003451XXXXMB (AE)
FINAL SUMMARY JUDGMENT OF FORECLOSURE
INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS

12. IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE PALM BEACH LEGAL AID SOCIETY OF PALM BEACH COUNTY, 423 FERN STREET, WEST PALM BEACH, FLORIDA 33401, 561-655-8944 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE PALM BEACH LEGAL AID SOCIETY OF PALM BEACH COUNTY FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED in Court, at West Palm Beach, Palm Beach County, Florida, this _1_ day of _November_, 2019.

_____
HONORABLE GLENN KELLEY
CIRCUIT COURT JUDGE

OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.
V. BARRY CHAPIN AND THE UNITED STATES OF AMERICA,
CASE NO.: 502019CA003451XXXXMB (AE)
FINAL SUMMARY JUDGMENT OF FORECLOSURE
INCLUDING JUDGMENT FOR ATTORNEYS FEES AND COSTS


Copies furnished to:

Danielle Riggin
Backer Aboud Poliakoff & Foelster
Counsel to Plaintiff
The Arbor, Suite 420
400 South Dixie Highway
Boca Raton, FL 33432

Barry Chapin
34 Fairfield Street, Apartment 2
Boston, MA 02116

United States of America
c/o Ariana Fajardo Orshan, Attorney for
Souther District of Florida
99 NE 4th Street
Miami, FL 33132

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:<br>BARRY CHAPIN | : | Chapter 7 |
| Debtor. | : | Bankruptcy Case No. 20-10324-JEB |
| OCEAN CITY LOFTS<br>CONDOMINIUM ASSOCIATION,<br>INC., | : | |
| Plaintiff, | : | Adv. Pro. No. 20-01063-JEB |
| v. | : | |
| HAROLD B. MURPHY, CHAPTER<br>7 TRUSTEE, UNITED STATES OF<br>AMERICA | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE TO RESPONSE OF OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC. TO UNITED STATES OF AMERICA'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND JUDGMENT AND WITHDRAWAL OF ITS MOTION FOR DISBURSEMENT OF SURPLUS FUNDS

I certify that on June 29, 2020, I served or caused to be served the Response to the United States of America's Motion ("Motion") to Vacate Clerk's Entry of Default and Judgment and Withdrawal of its Motion for Disbursement of Surplus Funds on the following parties via electronic mail:

**David G. Baker**
236 Huntington Avenue, Ste. 317
Boston, MA 02115
(617) 340-3680
Fax : (866) 661-5328
Email: david@bostonbankruptcy.org
Counsel for the Debtor

**Kathleen R. Cruickshank**
Murphy & King P.C.
One Beacon Street
Boston, MA 02108
(617) 423-0400
Fax : 617-556-8985
Email: kcruickshank@murphyking.com
Counsel for the Trustee

**Bradley A. Sarnell**
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
bradley.a.sarnell@usdoj.gov
Counsel for the United States

**Jacob T. Simon**
450B Paradise Road #423
Swampscott, MA 01907
jacob@simonlawma.com
Counsel for 104 Andover Court, LLC

I further certify that a copy of the Response was served via the Court's ecf system on those parties who have entered an appearance in the case once the documents were uploaded to the court's system.

/s/Raymond M. Patella
Raymond M. Patella
Kraemer Burns, P.A.
675 Morris Avenue
Springfield, NJ 07081
Phone: 973-9112-8700
Fax: 973-912-8602
Email: rpatella@kraemerburns
Attorneys for Ocean City Lofts
Condominium Association, Inc.
Admission Pro Hace Vice pending