*In re Barry Wisner Chapin*
*Case No. 20-10324 (Bankr. D. Mass.)*

## SETTLEMENT AGREEMENT

This agreement (the "Agreement") is made between the United States of America and Harold B. Murphy, the Chapter 7 Trustee of the Estate of Barry Wisner Chapin (collectively, "the Parties") in order to resolve all issues before the Court between the parties in *In re Barry Wisner Chapin*, Case No. 20-10324 (Bankr. D. Mass.) (the "*Bankruptcy Case*"), and related adversary proceedings: *Murphy v. United States*, Adv. Proc. No. 20-1050 (Bankr. D. Mass.) (the "*Marshalling Adversary*"); *Ocean City Lofts Condo. Ass'n v. Chapin et al.*, Adv. Proc. No. 20-1063 (Bankr. D. Mass.) (the "*Removed Adversary*"); and *Murphy v. Ocean City Lofts Condo. Ass'n et al.*, Adv. Proc. No. 20-1090 (Bankr. D. Mass.) (the "*Fraudulent Transfer Adversary*").

## RECITALS

A. WHEREAS, on March 15, 2019, Ocean City Lofts Condominium Association, Inc. ("Ocean City") filed a complaint in *Ocean City Lofts Condo. Ass's, Inc. v. Chapin, et al.*, Case No. 2019 CA 003451 in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") (the "*State Court Action*") to foreclose its lien for condominium association fees against the real property located at 185 Northeast Fourth Avenue, No. 210, Delray Beach, Florida 33444 (the "Florida Property") and naming the United States as a Defendant.

B. WHEREAS, On November 1, 2019, the State Court entered a Summary Judgment of Foreclosure which allowed Ocean City's foreclosure and stated that Ocean City's claim was superior to any claim of the United States. *Removed Adversary*, Adv. Proc. No 20-1063 [Doc. 1, p. 63-64].

C. WHEREAS, on January 14, 2020, the State Court issued a Certificate of Sale for the Florida Property to 104 Andover Court LLC ("104 Andover") for a sale price of $121,600. There is currently understood to be $114,235.48 in excess sale proceeds being held in the State Court's registry (the "Escrowed Proceeds").

D. WHEREAS, on February 4, 2020, Barry Wisner Chapin (the "Debtor") filed a Chapter 7 petition in the *Bankruptcy Case*. *Bankruptcy Case*, Case No. 20-10324 [Doc. 1].

E. WHEREAS, on March 20, 2020, the Debtor filed a notice of appeal to the Fourth District Court of Appeal of the State of Florida of the State Court's February 19, 2020 denial of his objection to the foreclosure sale (the "*State Court Appeal*"), which has been stayed due to the pendency of the bankruptcy.

F. WHEREAS, on February 4, 2021, the IRS filed its most recent proof of claim, which reflected a secured claim of $304,039.44 for unpaid income taxes and prepetition interest with regard to tax years 2014 and 2015. *Bankruptcy Case*, Case No. 20-10324 (Claim 3-4). The IRS's proof of claim also reflected a general unsecured claim of $135,275.16 for penalties with regard to the Debtor's income tax liabilities for tax year 2015; the penalty amounts (at least, as of

1

September 28, 2016) were also reflected on the filed Notice of Federal Tax Lien. The proof of claim also reflected an unsecured priority claim for federal income tax owed for tax years 2016-2019 in the total amount of $417,525.47. For tax year 2016, the amount reflected on the proof of claim is based on a purported copy of the Debtor's 2016 return provided to the Department of Justice by the Debtor's bankruptcy attorney, but which does not appear to have been filed with the IRS. The claims for the remaining priority tax years are in an estimated amount because the Debtor had not filed his federal income tax returns for those years (other than 2019, though it is unclear whether that return has been processed).

G.  WHEREAS, on April 10, 2020, the Chapter 7 Trustee filed his adversary complaint in the *Marshalling Adversary*, seeking to require the United States and the Massachusetts Department of Revenue ("MDOR") to marshal their liens by collecting their secured claim first against the Debtor's homestead, located at 34 Fairfield St., Apt. 2, Boston MA 02116 (the "Fairfield Property"). *Marshalling Adversary*, Adv. Proc. No. 20-1050 [Doc. 1].

H.  WHEREAS, on June 5, 2020, the Chapter 7 Trustee removed the *State Court Action* to the Bankruptcy Court, where it was docketed as the *Removed Adversary*. *Removed Adversary*, Adv. Proc. No. 20-1063 [Doc. 1].

I.  WHEREAS, on June 6, 2020, Ocean City filed a motion for relief from stay in the *Bankruptcy Case*, seeking to proceed with the *State Court Action* in the State Court, which was denied on July 27, 2020. *Bankruptcy Case*, Case No. 20-10324 [Doc. 147, 224].

J.  WHEREAS, on June 8, 2020, the United States filed a motion in the *Removed Adversary* to vacate the Summary Judgment of Foreclosure entered in the State Court Action insofar as it purported to direct the sale of the Florida Property free and clear of the United States' lien because the United States has alleged that it had not been properly served with the summons and complaint, and thus there was no jurisdiction over the United States (the "Motion to Vacate"). *Removed Adversary*, Adv. Proc. No. 20-1063 [Doc. 4]. The United States' motion did not seek to vacate the sale, only the State Court's determination that such sale was free and clear of the federal tax liens and the determination that Ocean City's lien was superior to the federal tax liens. *Id.*

K.  WHEREAS, on June 26, 2020, 104 Andover filed a motion in the *Removed Adversary* requesting that the Bankruptcy Court abstain, or alternatively, remand the matter to the Florida State Court, which was denied on July 28, 2020. *Removed Adversary*, Adv. Proc. No. 20-1063 [Doc. 20, 50]. 104 Andover did not file an opposition to the Motion to Vacate.

L.  WHEREAS, on July 23, 2020, the Trustee filed a complaint in the *Fraudulent Transfer Adversary*, seeking among other things to set aside the sale of the Florida Property. *Fraudulent Transfer Adversary*, Adv. Proc. No. 20-1090 [Doc. 1].

M.  WHEREAS, on August 19, 2020, the United States moved to dismiss the *Fraudulent Transfer Adversary*, asserting, among other things, that the sale of the Florida Property was a valid sale that could not be avoided but that the federal tax liens continued to encumber the

property as held by 104 Andover (the "Motion to Dismiss"). *Fraudulent Transfer Adversary*, Adv. Proc. No. 20-1090 [Doc. 20].

N. WHEREAS, on October 19, 2020, the United States filed an answer to the Trustee's complaint in the *Marshalling Adversary*, noting that, if the Trustee sold the Fairfield Property, the United States had no objection to marshalling provided that an order did not enter dictating the manner in which the IRS was to apply the proceeds to which it was entitled. *Marshalling Adversary*, Adv. Proc. No. 20-1050 [Doc. 61].

O. WHEREAS, on January 6, 2021, the Court approved a settlement between the Trustee and the Debtor to allow for the sale of the Fairfield Property. *Bankruptcy Case*, Case No. 20-10324 [Doc. 499]. The Trustee subsequently sold the Fairfield Property and holds approximately $170,000 after payment of the first mortgage and selling fees and expenses. Such proceeds are subject to liens asserted by the MDOR, a portion of which is senior to some of the federal tax liens.

P. WHEREAS, the Trustee also holds approximately $290,000 in net proceeds from the sale of a different property in Florida (the "Astor Property Proceeds") and approximately $80,000 from the sale of other properties in Massachusetts (the "Westborough Property Proceeds"), which are subject to the federal tax liens and certain other liens. The federal tax liens are subject to displacement for claims of a kind in 11 U.S.C. § 724(b)(2).

Q. WHEREAS, on January 22, 2021, 104 Andover filed a Notice of Joinder, joining in the Motion to Dismiss. *Fraudulent Transfer Adversary*, Adv. Proc. No. 20-1090 [Doc. 69].

## AGREEMENT TERMS

NOW, THEREFORE, in order to resolve the above-referenced matters, it is hereby agreed between the United States and the Trustee, as follows.

1.    **Resolution of the United States' Claim.** The United States shall release the Estate from its secured claim upon payment of $225,000 (the "Settlement Payment"). The Settlement Payment shall be made within seven days of the entry of an order approving this Agreement unless the order overrules an objection and the Trustee believes the objecting party may appeal, in which case payment shall be made within 21 days of the approval order absent a stay pending appeal. The remainder of the IRS's secured claim will be considered a part of its general unsecured claim (the "Remainder Claim"), and the United States shall not seek payment of the Remainder Claim from the Estate. The Settlement Payment shall be applied to tax and/or interest on tax, and prepayment penalties (which are less than $5,000), but not to any non-pecuniary loss penalties. The Parties agree that the United States' priority claim will be paid pursuant to the priority order set forth in 11 U.S.C. § 507. Nothing in this Agreement shall be interpreted to waive the United States' entitlement to payment of its unsecured priority claim or waive the Trustee's right to object to such unsecured priority claim.

2.    **Resolution of the *Marshalling Adversary*.** The Trustee shall pay the Settlement Payment first from the net proceeds of the sale of the Fairfield Property after payment of the

portion of the MDOR's lien that is senior to the federal tax liens; and the balance shall be paid one-third from the Westborough Property Proceeds and two-thirds from the Astor Property Proceeds.

3.      **Resolution of the *Removed Adversary*.**   The relief requested in the motion to approve this Agreement shall include a request for the following: (1) remand of the *Removed Adversary* to the State Court (including as an exhibit thereto a copy of this Agreement); (2) relief from the stay to permit the State Court Action to continue as to all parties; (3) release of any interest the Estate has in the Florida Property, except as follows:  (A) the Trustee will be entitled to receive any portion of the Escrowed Proceeds that would otherwise be payable to the Debtor after satisfaction of the remainder of the federal tax liens (including any penalties) from the Escrowed Proceeds to the extent they are not satisfied by the enforcement of said liens against the Florida Property as sold to 104 Andover, and (B) in the event that the original sale is set aside, the Trustee will be entitled to any surplus from a future sale of the Florida Property that would otherwise be payable to the Debtor after satisfaction of the federal tax liens (including any penalties) and any other valid liens; and (4) authority for the Trustee to file a motion in the Fourth District Court of Appeal of the State of Florida to dismiss the *State Court Appeal*, which shall be filed within a reasonable time after approval of this Agreement. An order of remand that enters shall include copies of the Bankruptcy Court filings in the *Removed Adversary* and the order approving this Agreement. Nothing herein shall preclude the United States from removing the remanded *State Court Action* to the local federal district court. Subject to the terms of this Agreement, the Trustee waives any right to assert marshalling to require the United States to proceed against the Florida Property in order to free up the Escrowed Proceeds from the federal tax liens, and the United States reserves the right to attempt to settle with 104 Andover without impairing the United States' interest in the Escrowed Proceeds up to the point where its liens are fully satisfied.

4.      **Resolution of the *Fraudulent Transfer Adversary*.**  After making the Settlement Payment, the Trustee shall dismiss the *Fraudulent Transfer Adversary* with prejudice.

5.      **Other Claims Unaffected**.  Nothing in this Agreement shall limit the rights of the United States to pursue the Debtor's liabilities which are not satisfied by the Settlement Payment in Paragraph 1 against parties other than the Estate, including but not limited to asserting its liens against the Florida Property and/or to the Escrowed Proceeds or collecting any nondischargeable debts from the Debtor.

6.      **No Admissions**.  This Agreement is not, and shall not be construed as, an admission by any Party of the validity or invalidity of any claim or contention, but rather is understood to present a settlement in recognition of the Parties' respective claims and contentions without resolving them.  This Agreement is made after thorough negotiation between parties represented by able counsel and this Agreement shall not be subject to any rule that it should be construed against the drafter.  In the event of any dispute of the meaning of this Agreement, federal law shall govern except to the extent that state law is held to be relevant, and in that event, the law applied shall be the law of the State of Massachusetts.

7.      **Bankruptcy Court Approval**.  This Agreement is subject to the approval of the Bankruptcy Court and the Trustee shall file a motion seeking approval of the Agreement under

4

Rule 9019 of the Federal Rules of Bankruptcy Procedure. For that purpose, this Agreement is not severable, and is further conditioned on the Bankruptcy Court granting the relief described in Paragraph 3, above. The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce this Agreement.

8.    **Irrevocable Offer of Settlement**. The execution of this Agreement by the Trustee, through his attorney, shall constitute an Offer of Settlement. The signature of counsel on behalf of the United States below shall certify that the Offer of Settlement has been accepted by a duly authorized delegate of the Attorney General (which may also be reflected in a separate acceptance letter transmitting the executed Agreement). If approval of this Agreement is denied by the Bankruptcy Court, the provisions of this Agreement shall be null and void.


*Bradley A. Sarnell*
_____
BRADLEY A. SARNELL
U.S. Department of Justice, Tax Division
PO Box 55
Washington, DC 20044
(202) 307-1038
(202) 514-5238 (fax)
Bradley.A.Sarnell@usdoj.gov

*Counsel for Creditor United States of America*


_____
SHAWN LU
Murphy & King, PC
One Beacon Street
Boston, MA 02108
(617) 423-0400
(617) 423-0498 (fax)
slu@murphyking.com

*Counsel for Harold B. Murphy, Chapter 7
Trustee*


5